# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| DORMAN HAIRE, | ) |
|       Movant, | ) |
| v. | )   No. 4:14CV1413 JCH |
| UNITED STATES OF AMERICA, | ) |
|       Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on movant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The motion appears to be time-barred, and the Court will order movant to show cause why the motion should not be summarily dismissed.

## Procedural History

On December 12, 2008, movant pleaded guilty to possession with intent to distribute cocaine, 21 U.S.C. § 841(a)(1). On February 27, 2009, the Court sentenced movant to a total term of 120 months' imprisonment and four years supervised release. The Eighth Circuit Court of Appeals affirmed the judgment and sentence on November 24, 2009. *See United States v. Haire*, No. 09-1507 (8th Cir. 2009).

## Legal Standard

Rule 4(b) of the Rules Governing § 2255 Proceedings for the United States District Courts provides that a district court may summarily dismiss a § 2255 motion if it plainly appears that the movant is not entitled to relief.

Under 28 U.S.C. § 2255:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
>
>> (1) the date on which the judgment of conviction becomes final;
>>
>> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>>
>> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

A district court may consider, on its own initiative, whether a habeas action is barred by the statute of limitations. *Day v. McDonough*, 547 U.S. 198, 210 (2006). However, before dismissing a habeas action as time-barred, the court must provide notice to the movant. *Id.*

## Discussion

A review of the instant motion indicates that it is time-barred under 28 U.S.C. § 2255(1), and is subject to summary dismissal. For a criminal defendant who does not file a petition for a writ of certiorari, the judgment of conviction becomes final when the time for filing a certiorari petition with the United States Supreme Court expires. *Clay v. United States*, 537 U.S. 522, 527 (2003). Under the Rules of the Supreme Court of the United States, the time to file a petition for writ of certiorari is ninety (90) days after the date of entry of the judgment appealed from. S. Ct. R. 13(1). The time does not run from the date of mandate. S. Ct. R. 13(3); *Clay*, 537 U.S. at 527, 529. A federal defendant therefore has one year and ninety days from the judgment of the appellate court within which to file a § 2255 motion.

The Eighth Court of Appeals issued its judgment on November 24, 2009. Therefore, the limitations period ended on about February 22, 2011. Movant did not file the instant petition in this Court until July 18, 2013.[1]

Movant argues that the Court should modify his sentence under the "new ruling," *Alleyne v. United States*, 133 S.Ct. 2151 (2013), and thus he asserts his motion to vacate should be considered timely under 28 U.S.C. § 2255(f)(3). In *Alleyne*, the Supreme Court held that any fact that increases the mandatory minimum sentence for a crime is an "element" of the criminal offense that must be proven beyond a reasonable doubt by submission to the jury. The Court resolved *Alleyne* on direct, rather than collateral review, and it did not declare that its new rule applied retroactively on collateral attack. *See Simpson v. United States*, 721 F.3d 875, 876 (7th Cir. 2013).

*Alleyne* enunciates a rule of constitutional law and "a new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases, state or federal, <u>pending on direct review or not yet final</u>." *Griffith v. Kentucky*, 479 U.S. 314, 328 (1987) (emphasis added). Generally, however, new constitutional rules are not applied to cases on collateral review, such as this one. *Teague v. Lane*, 489 U.S. 288, 303 (1989).

"Two exceptions to the *Teague* rule, however, permit the retroactive application of a new rule whenever: 1) the rule places certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe or otherwise prohibits imposition of a certain type of punishment for a class of defendants because of their status or offense; or 2) the rule announces a new "watershed" rule of criminal procedure implicating the fundamental fairness and

---

[1] Petitioner's motion to vacate was originally docketed in his criminal case as a motion for retroactive application of sentencing guidelines. It was docketed as a motion to vacate, brought pursuant to 28 U.S.C. § 2255, on July 18, 2014.

accuracy of the criminal proceeding." *In re Carl Green*, 144 F.3d 384, 386 (6th Cir.1998), *citing Caspari v. Bohlen*, 510 U.S. 383, 396 (1994).[2]

This Court finds that *Alleyne* does not fall within either of the exceptions to the non-retroactivity rule, and declines to apply *Alleyne* in this § 2255 proceeding.

As such, the Court finds that movant's motion to vacate appears to be time-barred. Movant shall be allowed twenty-one (21) days from the date of this Memorandum and Order to show cause why the motion should not be summarily dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that movant shall show cause, in writing and no later than twenty-one (21) days from the date of this Order, why the instant § 2255 motion should not be dismissed as time-barred.

**IT IS FURTHER ORDERED** that if movant fails to comply with this Order, his § 2255 motion will be dismissed.

Dated this 20th day of August, 2014.

/s/ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE

---

[2]*Alleyne* is an extension of *Apprendi v. New Jersey*, 530 U.S. 466 (2000). The Justices of the Supreme Court have decided that other rules based on *Apprendi* do not apply retroactively on collateral review. *See Schriro v. Summerlin*, 542 U.S. 348 (2004).